IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD GORDON,<br><br>    Plaintiff,<br>v.<br>OFFICER CHARLES WHITNEY,<br><br>    Defendant. | No. C 02-4782 SBA (pr)<br><br>**ORDER DIRECTING PLAINTIFF TO SHOW CONTINUED INTENT TO PROSECUTE THIS ACTION** |

Plaintiff Leonard Gordon, a prisoner of the State of California, originally filed this action on November 15, 2001 under Case No. C 01-4261 SBA (pr). On March 11, 2002, the Court dismissed Plaintiff's complaint with leave to amend, granted him thirty days to file an amended complaint, and cautioned Plaintiff that his failure to timely do so would result in the dismissal of this action. More than five months later, on August 29, 2002, Plaintiff filed an amended complaint asserting the same claims. Because the amended complaint was filed so long after the thirty-day time limit and Plaintiff had not requested an extension of time to amend his complaint, the Court issued an Order to Show Cause Why Action Should Not be Dismissed on September 10, 2002. In a response to that Order, Plaintiff wrote a letter to the Court, which was filed on September 25, 2002. Plaintiff explained that he intended to commence a new civil rights action with the complaint filed on August 29, 2002.[1] Plaintiff also explained that he was delayed in pursuing his claims because his legal papers were disturbed during cell-searches and intra-jail transfers. In an Order dated September 30, 2002, the Court dismissed Plaintiff's action in Case No. C 01-4261 SBA (pr) without prejudice and ordered the Clerk of the Court to file the amended complaint and the new IFP application, both filed on August 29, 2002, in a new civil rights case. Therefore, Case No. C 01-4261 SBA (pr) was closed, and the above-referenced action was opened on October 3, 2002.

    The Court granted Plaintiff's motion to proceed <u>in forma pauperis</u> in the instant action on September 26, 2003 and issued its Order to Show Cause. The Court cautioned Plaintiff that his failure to inform the Court of any change of address in a timely fashion would result in dismissal of

---

[1] Plaintiff had also filed a new application for <u>in forma pauperis</u> ("IFP") status with his amended complaint.

this action. (See Sept. 26, 2003 Order at 5.) A copy of the Court's Order that was sent to Plaintiff at his last known address, and it was returned as undeliverable on October 6, 2003. According to a letter from the Contra Costa Sheriff's Department, Plaintiff "was released from the custody of the Contra Costa Sheriff's Department on April 2, 2003." (See Letter Signed by Lorilynn Crews, Detention Accounting Department, dated October 1, 2003.) Plaintiff has not communicated with the Court since he wrote a letter to the Court in Case No. C 01-4261 SBA (pr) in September 2002. To date, no change of address has ever been filed by Plaintiff in the instant case or in Case No. C 01-4261 SBA (pr).

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may sua sponte dismiss an action for failure to prosecute or to comply with a court order. See Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). But such a dismissal should only be ordered when the failure to comply is unreasonable. See id. A court should afford the litigant prior notice of its intention to dismiss. See Malone v. United States Postal Serv., 833 F.2d 128, 133 (9th Cir. 1987). Pursuant to Northern District Local Rule 3-11, a party proceeding pro se whose address changes while an action is pending must promptly file and serve upon all opposing parties a notice of change of address specifying the new address. See L.R. 3-11(a).

Plaintiff has not communicated with the Court for more than three years. Furthermore, even if Defendant has filed an Answer in this case, proceeding forward by requiring Defendant to file a dispositive motion is fruitless if Plaintiff cannot be located by the Court. In the interests of justice and judicial efficiency, the Court will not proceed with this action until Plaintiff informs the Court of his continued intent to prosecute this action. Accordingly, no later than **thirty (30) days** of the date of this Order, Plaintiff shall file with the Court a notice of his continued intent to prosecute this action and his current address. Should Plaintiff fail to file such notice, the complaint will be dismissed without prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

DATED: October 24, 2005

SAUNDRA BROWN ARMSTRONG
United States District Judge